IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward McVay, | C/A No. 0:12-cv-1693-JFA |
| Plaintiff, | |
| vs. | |
| MSI-Forks Inc., | **ORDER** |
| Defendant. | |

Plaintiff Edward McVay brings this action against his former employer Defendant MSI-Forks Inc. ("MSI"), asserting a claim of race discrimination pursuant to 42 U.S.C. § 1981. This matter is before the court on Defendant's motion for summary judgment. ECF Docket No. 12. The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she recommends that this court grant the motion. The Report and Recommendation sets forth the relevant facts and standards of law in this matter, and the court incorporates such without a recitation. The Plaintiff has filed Objections to the Report, and thus this matter is ripe for review.

The Magistrate Judge found that the facts in this case do not meet the legal standards for an employment discrimination claim based on race discrimination, citing ample case law in support of her Recommendation. The Plaintiff's Objections to the Report and Recommendation do not allege that the Magistrate Judge failed to consider any facts of record or apply these facts to the applicable law. Rather, the objections appear to merely reassert many of the same

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

arguments the Plaintiff made in response to the Defendant's motion for summary judgment,[2] emphasizing that the Magistrate Judge failed to appreciate the severity of the relevant facts and failed to reach the correct result. According to Plaintiff, when the specific facts highlighted in Plaintiffs' Objections are given proper weight, the Defendant is not entitled to judgment as a matter of law on Plaintiff's race discrimination claims.

The court has made a careful, *de novo* review of the record in this case, the briefs of the parties, and the specific facts the Plaintiff stressed in his Objections. Under the well-established *McDonnell Douglas* framework, Plaintiff's prima facie case of discrimination must show: (1) that he is a member of a protected class; (2) that he was qualified for his job and his job performance was satisfactory; (3) that, in spite of his qualifications and performance, he was fired; and (4) that the position remained open to similarly-qualified applicants after his dismissal. *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989). Once the prima facie case is established, an inference of discrimination arises that may be rebutted by an employer on a showing of legitimate, nondiscriminatory reasons for the termination. *Id*. at 455-456. Once this showing is made, the burden of proof lies with the plaintiff to show, by a preponderance of the evidence, that the employer's proffered reasons for the dismissal are pretextual, and that the employer's true reason for termination was discriminatory. *Id*.

The court agrees with the Magistrate Judge's conclusion that summary judgment is appropriate, because the Plaintiff has not shown that his job performance was satisfactory. Plaintiff's main objection to the Magistrate Judge's Report and Recommendation on this issue is that the Magistrate failed to give proper weight to the fact that the *overall* performance reviews

---

[2] "The written specific objections set forth below to the Report and Recommendation (R&R) are supported by Plaintiff's previously filed Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment and the attachments thereto." Pl.'s Objections to Magistrate's Report and Recommendation, ECF Docket No. 25, p.1.

of the Plaintiff always passed as "meets expectations" or "commendable." A closer look at the performance reviews, however, shows that Plaintiff received "needs improvement" marks in specific areas. Further, the record shows instances where Plaintiff failed to follow company procedures and where Plaintiff showed a general lack of concern for his work. Plaintiff also repeatedly failed periodic weld tests, showing that Plaintiff may not have been qualified to perform his job as a welder.[3] Perhaps the clearest evidence of Plaintiff's poor performance is an instance where Plaintiff[4] welded a set of Kalmar forks, which failed in a field test—raising a substantial safety concern for the end user. The Magistrate Judge properly concluded that summary judgment is appropriate because Plaintiff has not shown that his job performance was satisfactory.

The court also agrees with the Magistrate Judge's conclusion that summary judgment is appropriate because Plaintiff has failed to establish discrimination *vel non*. The Defendant has proffered a legitimate, nondiscriminatory reason for Plaintiff's termination—Plaintiff's job performance was not adequate—and Plaintiff has failed to establish that the reason is merely pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."). Plaintiff attempts to show that discrimination was the real reason for his termination with: a statement by Tom Wolfe—the general manager who ordered Plaintiff's termination—that Barack Obama would not make a good president because he is black; the fact that plaintiff was given an Oreo cookie ice cream cake rather than a plain ice cream cake at a work birthday celebration; statements by Wolfe

---

[3] The court is aware that, at the time of his termination, Plaintiff had been transferred to the "Mod Shop" and was no longer a welder. Plaintiff continued, however, to not satisfactorily perform his duties in that position as well, as documented in Mr. Bengivenga's July 14, 2011 memorandum.

[4] The court acknowledges that there is a slight possibility that plaintiff in fact did not weld these Kalmar forks. Even without this incident, however, there is sufficient evidence to show that summary judgment is appropriate.

indicating that Plaintiff made too much money when Plaintiff would drive different cars to work; and a nickname—"big dick"—used by Wolfe to refer to Plaintiff.  While Defendant's reason for termination of Plaintiff is well-supported, Plaintiff's allegations of discrimination are supported by comments and actions that are not discriminatory, or are unrelated to Plaintiff's termination. Further, the fact that Plaintiff's immediate supervisor, Edward Bengivenga, told Mr. Wolfe that Plaintiff should not be terminated, does not, when the entire record is considered, preclude the grant of summary judgment.[5]  The court, therefore, agrees with the Magistrate Judge that summary judgment is also appropriate because no reasonable fact finder could determine that discrimination was the real reason for Plaintiff's termination.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the Objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Therefore, the Defendant's motion is hereby granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 23, 2013                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge

---

[5] Nor does the fact that Mr. Bengivenga and Mr. Wolfe disagree on whether Mr. Bengivenga did in fact tell Mr. Wolfe not to terminate Plaintiff preclude the grant of summary judgment.  Mr. Bengivenga documented many instances of Plaintiff's poor workplace performance himself and no reasonable fact finder could determine from the record that Defendant's proffered reason for terminating Plaintiff was false.